IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 25-3109 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | APPELLEE'S UNOPPOSED |
| | ) | MOTION TO DISMISS SCOTT'S |
| Defendant-Appellant. | ) | APPEAL AS MOOT |

Pursuant to the Executive Order issued by President Donald J. Trump dated May 28, 2025, granting a full and unconditional pardon and clemency for offenses against the United States in United States v. Scott, Northern District of Ohio, Case No. 1:21CR491, the United States moves this Court to dismiss Defendant-Appellant Charles Scott's pending appeal and motion for bond on appeal in this case as moot. See (Doc. 23-1: Motion). The government has conferred with Scott's counsel, David DeVillers, Kian Hudson, and John-David H. Thomas, and they have indicated they agree that Scott's appeal and pending bond motion are now moot in light of the Presidential pardon.

In support of this motion, the United States submits that in the Executive Order issued on May 28, 2025, President Trump directed the United States Attorney General to immediately sign the grant of clemency to Scott. Available at:

https://www.justice.gov/pardon/media/1402071/dl?inline (last visited 6/6/25).

"[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." United States v. Nixon, 418 U.S. 683, 693 (1974). This "charging authority embraces decisions about … whether to dismiss charges once brought" and "the Judiciary generally lacks authority to second-guess those Executive determinations." United States v. Fokker Servs. B.V., 818 F.3d 733, 737 (D.C. Cir. 2016).

The United States respectfully submits that Sixth Circuit Rule 27(d) is the appropriate procedural mechanism for seeking dismissal on threshold procedural grounds and to accomplish the clemency directed by the Executive Order. See also generally, *e.g.*, United States v. Watts, 422 U.S. 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the United States District Court for the Northern District of Georgia to permit the Government to dismiss charges against petitioner."); Bronsozian v. United States, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment."); United States v. Burdeau, 168 F.3d 352, 359 (9th Cir. 1999) ("Under Federal Rule of Criminal Procedure 48(a), the government has the

power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final."). Additionally, Scott's attorneys have indicated they agree that the Presidential pardon renders Scott's appeal and bond motion moot.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Scott's appeal and deny his motion for bond on appeal as moot.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney


By: /s/ Laura McMullen Ford
Laura McMullen Ford
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone: (216) 622-3817
Facsimile: (216) 522-7499
Laura.Ford@usdoj.gov

## **CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION**

I hereby certify that the foregoing contains 555 words according to the word counting feature of Microsoft Word for Office 365 and complies with this Court's 5,200 word limitation for motions.

/s/ Laura McMullen Ford
Laura McMullen Ford
Assistant United States Attorney